## McGonigle v. Saint Clair Coal Company.

*Practice, C. P.—Affidavit of defence—Question of law—Rule to strike off—Act of May 14, 1915.*

1. Where an affidavit of defence raising questions of law only is, in matters of form, within the provisions of the Act of May 14, 1915, P. L. 483, it should be set down for argument and disposed of upon its merits.

2. Where, however, it is not in conformity with the act, a rule to strike off the affidavit should be taken.

3. An affidavit of defence which sets up a previous equity proceeding as *res adjudicata* of the question raised by the statement of claim will not be stricken off if it complies with the act in form.

Rule to strike off affidavit of defence. C. P. Schuylkill Co., Nov. T., 1921, Nos. 23 and 24.

*J. M. Boone* and *E. D. Smith,* for plaintiff.

*John F. Whalen* and *Roscoe R. Koch,* for defendant.

BECHTEL, P. J., Feb. 13, 1922.—In this case the plaintiff filed his declaration, to which a paper was filed endorsed "affidavit of defence raising questions of law." The affidavit sets forth that in a proceeding in equity in this court to No. 2, March Term, 1918, the matter here raised had been considered and disposed of, and was, therefore, *res adjudicata.* The plaintiff thereupon filed his petition, in which he set forth that the affidavit of defence does not question the sufficiency in law of the plaintiff's statement, contains averments

of fact not contained in the plaintiff's statement, and does not raise a question of law, but of fact, by alleging facts *dehors* the record.

Upon this petition a rule was granted to show cause why the affidavit of defence should not be stricken from the record. Counsel for plaintiff contends that this is not the proper procedure, and that the affidavit of defence should not be stricken from the record, but disposed of in accordance with the provisions of the Practice Act of 1915. Section 20 of that act provides, *inter alia:* "The defendant in the affidavit of defence may raise any question of law without answering the averments of fact in the statement of claim; and any question of law so raised may be set down for hearing and disposed of by the court."

It is contended by counsel for the plaintiff that this is the method that should be pursued, and that if the affidavit of defence does not properly raise questions of law, in that it is a "speaking demurrer," it should be overruled and defendant given an opportunity to file an affidavit of defence on the facts in accordance with the provisions of the act.

Counsel for defendant have cited to us a number of cases tending to show the insufficiency of the affidavit of defence, notably Hannon *v.* Schilbe, 29 Dist. R. 835, a case arising in our own court. This case, however, discussed the questions raised by the affidavit of defence and overruled the same. Our attention has also been called to Wertz & Sons *v.* Ortman, 27 Dist. R. 463. This, however, was a rule for a bill of particulars and does not, we think, decide the question before us.

It will be noted that we have, as the record now stands, no concern about the sufficiency of the affidavit of defence, but rather as to the remedy to be pursued in disposing of it. The 21st section of the Practice Act of May 14, 1915, P. L. 483, provides, *inter alia:* "The court, upon motion, may strike from the record a pleading which does not conform to the provisions of this act, and may allow an amendment or a new pleading to be filed upon such terms as it may direct."

In Kennedy *v.* Scranton Ry. Co., 29 Dist. R. 751, the court says: The affidavit of defence raising questions of law only goes to the substance and merits of plaintiff's cause of action. That is, a statement may be in perfect form, conforming in every particular to the demands of the Practice Act as to pleading, yet failing to present a legal cause of action. In such a case, an affidavit of defence raising questions of law is the proper remedy. However, if the statement fails to conform to the rules laid down in the said act, a motion to strike off the statement is proper. . . . Most of the cases that have come before us where an affidavit of defence on legal matters is interposed have failed to preserve the distinction between the office of such an affidavit and that of a motion to strike off the statement. We repeat, that one relates to matters of substance and the other to matters of form."

We feel that this might be said with equal force of the affidavit of defence, and it agrees entirely with our views of the Act of 1915. Where the affidavit in matters of form is within the provisions of the act, it should be set down for argument and disposed of upon its merits. Where it is not in conformity with the act, the rule to strike off should be taken. In this case there is no contention that the form of the affidavit is not in accordance with the act, but it is contended that because the matters of substance raised therein are not proper to be raised in such an affidavit of defence, it should be stricken from the record. We cannot agree with this contention.

And now, Feb. 13, 1922, the rule to strike off the affidavit of defence is herewith discharged.

From M. M. Burke, Shenandoah, Pa.